IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRY and CHRISTINE REYNARD, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO.: 17-497 |
| GEICO INDEMNITY COMPANY; A, B, C, D, E, and F being those entities, person or persons who provided uninsured or underinsured motorist coverage made the basis of this suit; all of whose true names and legal identities are unknown to the Plaintiffs at this time but will be added by amendment, individually and jointly, when ascertained. | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL BY DEFENDANT GEICO CASUALTY COMPANY

COMES NOW, Defendant, Geico Indemnity Company, pursuant to 28 U.S.C §1441 and §1446, files this Notice of Removal of this cause from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division. In support of this Notice of Removal, Defendant states as follows:

1. On or about October 5, 2017, Plaintiffs commenced an action in the Circuit Court of Mobile County, Alabama, styled *Terry and Christine Reynard v. Geico Indemnity Company, et. al,* Civil Action Number CV-2017-902627, by filing a Complaint, which is attached hereto as Exhibit "A." Plaintiffs allege entitlements to damages as a result of a motor vehicle accident that occurred on January 4, 2017, in Mobile, Alabama, in which they were caused to suffer

compensatory damages. Additionally, Plaintiffs also claim to be entitled to a punitive damage award. On October 25, 2017, Plaintiffs filed an Amended Complaint to include claims for Abnormal Bad Faith and Normal Bad Faith against Defendant Geico Indemnity Company. (Exhibit "B"). In their Amended Complaint, Plaintiffs stated that, as a result of the accident and alleged subsequent breach, they were caused to be injured and incur damages. (Exhibit "B").

2. According to the Mobile County Circuit Clerk's Office, Plaintiffs' Complaint was filed on October 5, 2017, and service of process was perfected via certified mail on October 13, 2017, as to Defendant Geico Indemnity Company. Plaintiffs' Amended Complaint was filed on October 25, 2017.

3. Defendant files this Notice of Removal within 30 days of service of Plaintiffs' Complaint and within one year of the commencement of this action as required by 28 U.S.C. § 1446(b); *Murphy Brothers, Inc., v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999). Accordingly, removal of this action is timely.

4. This suit is an action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one that may be removed to this Court under the provisions of 28 U.S.C. § 1441. Removal under § 1441 is appropriate in that complete diversity of citizenship exists between Plaintiffs and the Defendant in the underlying cause, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Additionally, this action is being removed to the District Court that embraces the county in which the state court action is now pending and, thus, this Court is the proper venue for this action pursuant to 28 U.S.C. § 81(c)(2).

5. The Defendant is a Maryland corporation with its principal place of business located in Maryland.

6. The Plaintiffs are citizens of the Mobile, Alabama.

7.      Jurisdiction herein is based on diversity of citizenship pursuant to 28 U.S.C. 1332(a) and 28 U.S.C. §1441(a).

8.      In addition to complete diversity, 28 U.S.C. § 1332 also requires the amount in controversy to exceed $75,000.00. The Defendant "bears the burden of establishing the jurisdictional amount by preponderance of the evidence." *Williams v. Litton Loan Servicing, LP,* 2011 U.S. Dist. LEXIS 15113, at *6 (M.D. Ala 2011). Plaintiffs' Complaint asserts a claim for uninsured/underinsured motorist benefits against the Defendant related to the subject automobile accident. Specifically, Plaintiffs' Complaint alleges that, as a result of the subject accident, they were caused to suffer compensatory damages and, further, claim entitlement to a punitive damage award. As a result, Plaintiffs allege they are entitled to uninsured/underinsured motorist benefits pursuant to a policy with Geico Indemnity Company. Plaintiffs' uninsured/underinsured motorist benefits policy has a limit of $100,000.00 per person/ $300,000.00 per accident, a copy of which is attached hereto as Exhibit "C." Additionally, Plaintiffs' seek compensatory and punitive damages related to claims for Abnormal Bad Faith and Normal Bad Faith. (Exhibit "B").

9.      The claims of the Plaintiffs meet the amount in controversy requirements under § 1332. "Circuit law clarifies that a removing defendant 'is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.' Rather, the defendant may meet its burden by showing that either it is 'facially apparent front the pleading itself that the amount in controversy exceeds the jurisdictional minimum,' or that there is 'additional evidence demonstrating that removal is proper." *Smith v. Ream*, 2015 WL 1309764 (S.D. Ala. 2015). According to the Court's decision in *Davidson v. Liberty Mutual Insurance Company*, 2016 WL 7428220, *7 (S.D. Ala. 2016), "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the

pleadings to determine whether it is facially apparent that a case is removable." Further, "[w]hen the complaint does not claim a specific amount in damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Estate of Wasden ex. rel. Wasden v. Citizens Communications*, 2013 WL 2458506 (S. D. Ala. 2013).

10.     In the case of *Webb v. CUNA Mut. Group*, 2010 WL 266688 (S. D. Ala. 2010), the plaintiff filed suit against the defendant seeking proceeds from the plaintiff's deceased husband's life insurance policy. According to the policy, the plaintiff was entitled to $77,000.00. Based on diversity of citizenship, defendant removed the case to federal court. Plaintiff's counsel then sought to have the case remanded by filing an amended complaint limiting plaintiff's claimed damages to $75,000.00. *Id.* at *1-2. Upon review of plaintiff's motion to remand, the court first examined whether the amount in controversy sufficient for federal jurisdiction had been satisfied. The court noted that the plaintiff's initial complaint did not specify the amount of damages sought, but merely asserted the plaintiff was entitled to the proceeds of her husband's insurance policy. *Id.* at *2. However, after review, the court concluded that the amount in controversy exceeded the $75,000.00 threshold. The court found that "[n]othwistanding Plaintiff's arguments to the contrary, the undersigned finds that as required by *Lowery,* Defendant has established by a preponderance of the evidence that the amount in controversy exceeds the $75,000. Plaintiff, in her original Complaint, sought the proceeds under the life insurance policy, and Defendant has presented the insurance policy which clearly reflects that the accidental death benefits payable under the policy are $77,000, an amount in excess of the jurisdiction limit of $75,000." *Id.* at *4.

11. Plaintiffs' Complaint brings claims for uninsured/underinsured motorist benefits pursuant to their policy with Defendant Geico. As a result of an accident in which Plaintiff Terry Reynard was allegedly injured, the Plaintiffs claim that they suffered damages. (Exhibit "A"). Consequently, Plaintiffs claim that they are due uninsured/underinsured motorist benefits pursuant to their contract of automobile insurance, the policy limits of which are $100,000.00 per person / $300,000.00 per accident, for their alleged damages. Additionally, Plaintiffs ensured three vehicles under their policy of insurance with Defendant. Thus, under Alabama Law, Plaintiffs are entitled to stack the uninsured/underinsured motorist benefits, bringing Plaintiffs' potential policy proceeds to $300,000.00 per person / $900,000.00 per accident. *See Safeco Ins. Co. of America v. Jones*, 243 So. 2d 736 (Ala. 1970). Further, Plaintiffs' Amended Complaint brings claims for Abnormal Bad Faith and Normal Bad Faith against Defendant Geico Indemnity Company and seek compensatory and punitive damages as a result of same. Considering the Plaintiffs' demand for payment of insurance policy benefits, Plaintiffs' alleged damages, and the Plaintiff's insurance policy limits, the Defendant has shown, by a preponderance of the evidence, that the above referenced matter has an amount in controversy exceeding $75,000.00. (Exhibit "A"; Exhibit "B"; Exhibit "C").

12. As demonstrated above, this Court has original jurisdiction over the claims asserted by Plaintiffs pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00 and is between citizens of different states.

13. A copy of this Notice of Removal is being served on Plaintiffs and filed with the Circuit Court for Mobile County, Alabama.

Documents attached hereto as Exhibit "D" constitute all the process, pleadings, and other papers served on or received by the Defendant and the entire Circuit Court file for Civil Action No.: CV-17-902627.

WHEREFORE, the Defendant prays that the removal of said cause to the United States District Court for the Southern District of Alabama, Southern Division, be effected and no further or other proceedings may be had with respect to this matter in the Circuit Court of Mobile County, Alabama, pending a final decision and determination of the controversy in said United States District Court.

Dated this 8th day of November, 2017

Respectfully submitted,

 /s/   Steven P. Savarese, Jr.
STEVEN P. SAVARESE, JR. (savas5286)
*Attorney for Defendant, Geico Indemnity Co.*

OF COUNSEL
Holtsford Gilliland Higgins
   Hitson & Howard, P.C.
29000 U. S. Highway 98, Suite B-101
Daphne, Alabama 36526
Office: (251) 447-0234
ssavarese@hglawpc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 8th day of November, 2017, Electronically filed the foregoing, using the e-filing system, which will send notification of the filing to the following:

James J. Dailey, Esq.
1111 Dauphin Street
Mobile, Alabama 36604
jim@jimdailey.com

      /s/   Steven P. Savarese, Jr.     .
OF COUNSEL