# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **TERRY and CHRISTINE REYNARD,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 17-0497-WS-N** |
| | ) | |
| **GEICO INDEMNITY COMPANY,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter comes before the Court on plaintiffs' Motion to Remand, construed as such from the filing styled "Plaintiffs' Memorandum in Support of their Motion to Remand" (doc. 2).

On November 8, 2017, defendant, Geico Indemnity Company, filed a Notice of Removal (doc. 1) removing this action to federal court from the Circuit Court of Mobile County, Alabama. The Notice of Removal invoked diversity jurisdiction, pursuant to 28 U.S.C. § 1332, and maintained that complete diversity of citizenship exists because Geico is a Maryland corporation with its principal place of business in Maryland, whereas plaintiffs, Terry and Christine Reynard, are Alabama citizens. (*See* doc. 1, ¶¶ 4-6.) As grounds for their Motion to Remand, however, the Reynards assert that complete diversity is lacking because plaintiffs' Second Amended Complaint (doc. 2, Exh. A) purports to join a second defendant, Malachi Jones, who is an Alabama citizen, thereby destroying diversity. In a Response, Geico concedes that "diversity has been defeated and is no longer proper pursuant to 28 U.S.C. § 1332," and "consents to the remand of the above referenced matter." (Doc. 4, at 1.)

In light of the foregoing, and particularly Geico's express consent to the remand of this action following plaintiffs' joinder of a non-diverse defendant, the Motion to Remand (doc. 2) is **granted**. This action is **remanded** to the Circuit Court of Mobile County, Alabama, for further proceedings.

DONE and ORDERED this 27th day of November, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE